**Matthew S. Parmet** (CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone 713 999 5228
fax 713 999 1187

**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

DANIEL DODGE, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

ZEMPLEO, INC.,

Defendant.

Case No. 3:20-cv-01092

**Plaintiff's Original Complaint for Damages**

1. **Failure to pay overtime compensation (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**

## SUMMARY

1. Plaintiff Daniel Dodge was employed by Defendant Zempleo, Inc. as a Project Manager and staffed to Duke Energy, a power company.

2. The nature of Dodge's working relationship with Zempleo as an employee entitles him to the benefits of an employee under the FLSA.

3. Dodge worked overtime while working for Zempleo.

4. Zempleo paid Dodge the same hourly rate for all hours worked including those in excess of 40 in a workweek.

5. Zempleo did not pay Dodge a salary.

6. Zempleo did not guarantee Dodge a salary.

7. Zempleo did not pay Dodge hourly and overtime.

8. Dodge and the other hourly employees are similarly situated for the purposes of the FLSA.

9. Dodge seeks back wages, liquidated damages, attorney fees, costs, and all other remedies available under the FLSA and California law.

**JURISDICTION & VENUE**

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves a federal question under the FLSA, 29 U.S.C. § 216(b).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Zempleo's headquarters are located in this District.

**INTRADISTRICT ASSIGNMENT**

13. Zempleo maintains its headquarters and principal place of business in Contra Costa County, California.

14. This matter is therefore properly assigned to the District's San Francisco or Oakland Divisions. Civ. L.R. 3-2(d).

**THE PARTIES**

15. Dodge worked for Zempleo as a Project Manager from approximately September 2015 to March 2019.

16. Throughout his employment with Zempleo, Dodge was paid the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

17. Dodge's consent to be a party plaintiff is attached as Exhibit A.

18. Dodge brings this action on behalf of himself and all other similarly situated workers, who were paid under Zempleo's straight time for overtime system, regardless of job title.

19. Zempleo did not pay these workers overtime for all hours that they worked in excess of 40 hours in a workweek, as required by the FLSA.

20. Dodge represents a class of similarly situated hourly employees under the FLSA pursuant to 29 U.S.C. § 216(b). The Class is properly defined as:

> **All employees of Zempleo in the past three years who were paid "straight time for overtime."**

21. Zempleo is a Delaware corporation with its headquarters and principal place of business in San Ramon, Contra Costa County, California.

22. Zempleo conducts business in a systematic and continuous manner throughout California, including this District and Division.

23. Zempleo may be served by serving its registered agent for service of process: **Incorp Services, Inc., 5716 Corsa Ave., Westlake Village, CA 91362**, or by any other method authorized by law.

## COVERAGE UNDER THE FLSA

24. For at least the past three years, Zempleo has been an employer within the meaning of the section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. For at least the past three years, Zempleo has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. For at least the past three years, Zempleo has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as construction equipment, laptops, and cell phones—that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

27. For at least the past three years, Dodge and the Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

28. Zempleo is a staffing company providing workers to construction, energy, and industrial clients throughout the county.

29. Dodge was one of these employees staffed to an energy client of Zempleo.

30. Dodge worked for Zempleo from September 2015 to March 2019.

31. Dodge performed work for Zempleo in Florida.

32. Zempleo staffed Dodge to Duke Energy.

33. Zempleo paid Dodge by the hour.

34. Dodge was paid $81 for each approved hour he worked.

35. Dodge reported the hours he worked to Zempleo on a regular basis.

36. Dodge was not guaranteed a salary.

37. If Dodge worked fewer than 40 hours, he was only paid for the hours he worked.

38. Dodge regularly worked over 40 hours.

39. Dodge was paid his regular rate of $81 for every hour he worked.

40. Rather than receiving time and half as required by the FLSA, Dodge only received "straight time" pay for overtime hours worked.

41. Zempleo's "straight time for overtime" payment scheme violates the FLSA.

42. Zempleo was and is aware of the overtime requirements of the FLSA.

43. Zempleo nonetheless fails to pay certain employees, such as Dodge, overtime.

44. Zempleo's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

45. Zempleo's illegal "straight time for overtime" policy extends well beyond Dodge.

46. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. (*Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *see also*, *e.g.*, *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) [certifying "straight time for overtime" claim for collective treatment]; *McDonald v. Ricardo's on the Beach, Inc.*, No. CV 11-93366 PSG (MRWx), 2013 WL 228334, at *2 (C.D. Cal. Jan. 22, 2013) [certifying straight time for overtime claim as the "common policy or plan that violated the [FLSA]"].)

47. Numerous hourly employees have been victimized by this pattern, practice, and policy, which are in willful violation of the FLSA.

48. Many of these hourly employees have worked with Dodge and have reported that they were paid in the same manner and were not properly compensated for all hours worked, as required by the FLSA.

49. Thus, from Dodge's observations and discussions with these hourly employees, he is aware that the illegal practices or policies of Zempleo have been imposed on a distinct group of hourly employees.

50. These employees were all paid straight time for overtime, and were not paid overtime compensation.

51. These hourly employees are victims of Zempleo's unlawful compensation practices and are similarly situated to Dodge in terms of pay provisions and employment practices.

52. Zempleo's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the hourly employees.

53. Thus, Dodge's experiences are typical of the experiences of the hourly employees he seeks to represent.

54. The specific job titles or precise job locations of the various hourly employees does not prevent collective treatment.

55. Dodge has no interests contrary to, or in conflict with, the members of the Class Members. Like each member of the proposed classes, Dodge has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

56. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

57. Absent this action, many Class Members likely will not obtain redress of their injuries and Zempleo will reap the unjust benefits of violating the FLSA.

58. Furthermore, even if some of the Class Members could afford individual litigation against Zempleo, it would be unduly burdensome to the judicial system.

59. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

60. The questions of law and fact common to each of the Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a. Whether Zempleo employed the Class Members within the meaning of the FLSA;

b. Whether the Class Members were exempt from overtime;

c. Whether Zempleo's decision to not pay overtime to the Class Members was made in good faith; and

d. Whether Zempleo's violation of the FLSA was willful.

61. Dodge's claims are typical of the Class Members. Dodge and the Class Members have sustained damages arising out of Zempleo's illegal and uniform employment policy.

62. Dodge knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

63. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

64. All the Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## CAUSE OF ACTION—VIOLATION OF THE FLSA

65. Dodge incorporates by reference all other paragraphs.

66. Zempleo has violated, and is violating, section 7 of the FLSA, 29 U.S.C. § 207, by compensating hourly employees straight time for overtime in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating the Class Members for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

67. Zempleo knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the Class Members overtime compensation.

68. Zempleo's failure to pay overtime compensation to these Class Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

69. Accordingly, Dodge and the Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

## RELIEF SOUGHT

70. Dodge prays for judgment against Zempleo as follows:

a. For an order certifying this case as a collective action for the purposes of the FLSA claims;

b. For an order finding Zempleo liable for violations of federal wage laws with respect to Dodge and all Class Members covered by this case;

c. For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Dodge and all Class Members covered by this case;

d. For a judgment awarding Dodge and all Class Members covered by this case their costs of this action;

e. For a judgment awarding Dodge and all Class Members covered by this case their attorneys' fees;

f. For a judgment awarding Dodge and all Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

g. For all such other and further relief as may be necessary and appropriate.

Date: February 11, 2020

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: ______________________________

**Matthew S. Parmet**
(CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone 713 999 5228
fax 713 999 1187

**Attorneys for Plaintiff**